IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-211-BO-KS

| | | |
|---|---|---|
| JOHN DOE 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | O R D E R |
| NASH COUNTY BOARD OF | ) | |
| EDUCATION; MARQUIS JOHNSON, | ) | |
| individually and as an employee of | ) | |
| Nash County Board of Education, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on the Nash County Board of Education's motion to
dismiss [DE 11] for failure to state a claim. Plaintiff responded [DE 15] and the Board replied [DE
17]. A hearing was held before the undersigned on December 17, 2025, in Elizabeth City, North
Carolina. In this posture, the motion is ripe for decision. For the following reasons, the motion is
granted in part and denied in part.

BACKGROUND

Defendant Marquis Johnson taught at Rocky Mount High School (RMHS). [DE 1, ¶ 21].
In the 2021–2022 school year, Johnson developed a sexual relationship with a student, plaintiff
John Doe, proceeding here under a pseudonym. *Id.* at ¶¶ 40–43. Doe ended the sexual relationship
in November of 2022, but Johnson continued to invite Doe to his classroom to engage in sexual
activity and continued to send him sexual text messages. *Id.* at ¶¶ 44–45. Doe's mother contacted
the Nash County Board of Education, defendant, to inform them of the abuse, but the complaint
alleges the Board never investigated the situation. *Id.* at ¶¶ 64–65. The complaint also alleges

Johnson had abused and sent inappropriate messages to another student. *Id.* at ¶¶ 48–49. The other student's parents reported it to the Board, which allegedly did not investigate that report either. *Id.* at ¶ 53. The Board suspended Johnson in March 2023. *Id.* at ¶ 66.

In total, the complaint alleges three RMHS students were victims of similar abuse. *Id.* at ¶ 68. The present case is the second victim to sue Johnson and the Board. The first suit came before Judge Dever, who entered an order denying in part the Board's motion to dismiss. *Doe v. Nash Cnty. Bd. of Educ.*, No. 5:24-CV-259-D, 2025 WL 820671 (E.D.N.C. Mar. 13, 2025). The parties refer to that first case and the plaintiff in that case as *Doe 1* and refer to the instant case as *Doe 2*. Because of the similar facts between that case and the instant case, Doe 2 drafted his complaint with Judge Dever's order in mind.

Doe asserts claims against the Board for (1) violation of his substantive due process rights under 42 U.S.C. § 1983, (2) violation of Title IX, (3) deprivation of North Carolina Constitutional rights, (4) negligence in employment, hiring, investigation, and supervision, and (5) breach of fiduciary duty.

DISCUSSION

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard does not require detailed factual allegations, *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019), but it "demands more than an

2

unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

### a. *Deprivation of Substantive Due Process under § 1983*

Plaintiff alleges Johnson violated his substantive due process rights under the Fourteenth Amendment to personal security and bodily integrity. The Board does not defend Johnson's alleged conduct but contends that plaintiff fails to state a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Under *Monell*, a local government can be held liable under 42 U.S.C. § 1983 for its unconstitutional policies. *Id.* Liability is limited, however, and is not available on a *respondeat superior* theory. *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984). Municipal liability results only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694.

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (cleaned up, internal quotations omitted). As Judge Dever explained,

> Doe alleges two theories of Monell liability: (1) the Board customarily ignored reports of sexual misconduct, and (2) the Board failed to properly train and supervise its employees on reporting and responding to reports of sexual

3

misconduct. . . "Although prevailing on the merits of a Monell claim is difficult, simply alleging such a claim is, by definition, easier." Owens [v. Baltimore City State's Att'ys Off., 767 F.3d 379, 403 4th Cir. 2014]. Doe has plausibly alleged a Monell claim against the Board.

*Doe 1*, 2025 WL 820671, at \*4. The same is true here. The complaint alleges the Board failed to meaningfully investigate multiple reports of sexual abuse [DE 1, ¶ 96] and failed to remove Johnson until his alleged actions had been reported to law enforcement [DE 1, ¶ 66]. Plaintiff states a claim.

*b. Title IX*

In order to state a claim under Title IX in the context of teacher-on-student harassment, a plaintiff must allege the following: (1) he was a student at an educational institution receiving federal funds; (2) he was subjected to discrimination or harassment based on his sex; (3) the discrimination or harassment was sufficiently severe or pervasive to create a hostile environment in an educational program or activity; and (4) there is some basis for imputing liability to the educational institution. *See Jennings v. Univ. of N. Carolina*, 482 F.3d 686, 695 (4th Cir. 2007). As in *Doe 1*, the Board argues that plaintiff failed to adequately plead the fourth element.

An institution like the Board "can be held liable for a Title IX violation only if an official who has authority to address the alleged discrimination and to institute corrective measures has actual knowledge of discrimination in the institution's programs and fails adequately to respond or displays deliberate indifference to discrimination." *Jennings*, 482 F.3d at 700 (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)) (cleaned up). Plaintiff alleges two concerned mothers contacted the school to report abuse. "[Board Superintendent Steven] Ellis received a report about Johnson's alleged harassment of Doe and had sufficient authority to institute corrective measures. One high-ranking official with actual knowledge and authority to institute corrective measures suffices to impute liability." *Doe 1*, 2025 WL 820671, at \*7 (citing

4

*Doe v. N. Carolina State Univ.*, 125 F.4th 498, 505–07 (4th Cir. 2025); *Jennings*, 482 F.3d at 700–01). Plaintiff further alleges that the Board failed to meaningfully investigate. No action was taken to remediate the abuse until March 2023. This inaction constitutes deliberate indifference. Plaintiff plausibly alleges a basis for imputing liability to the Board.

*c. North Carolina Constitution*

The Supreme Court of North Carolina held in *Deminski ex rel. C.E.D. v. State Board of Education*, 377 N.C. 406 (2021) that a plaintiff has a colorable claim under Articles I and IX of the North Carolina Constitution when a school board's deliberate indifference to ongoing harassment prevents a student from receiving an education. To make out a state constitutional claim, a plaintiff must allege (1) a state actor violated his constitutional rights, (2) the claim must be colorable, and (3) there must be no adequate state remedy. *Id.* at 413. "Notably, the right to a sound basic education rings hollow if the structural right exists but in a setting that is so intimidating and threatening to students that they lack a meaningful opportunity to learn." *Id.* at 414. The Board argues that in contrast to *Deminski*, the plaintiff here "seeks only a monetary remedy and has asserted tort claims against not only the Board, but also against a former Board employee, Mr. Johnson, in his individual capacity." [DE 12, p. 18]. Therefore, it argues, adequate state law remedies remain. But Doe 1 also sued Johnson in his individual capacity. *Doe 1*, 2025 WL 820671, at *11 (denying the Board's motion to dismiss the North Carolina Constitution claim).

"[A]n adequate state law remedy exists if the remedy would compensate the plaintiff for the *same injury* alleged in the direct constitutional claim." *Maney v. Fealy*, No. 1:12CV800, 2013 WL 3779053, at *9 (M.D.N.C. July 18, 2013) (internal quotations and citation omitted, emphasis in original). Plaintiff asserts claims premised on a deprivation of his right to security and bodily

integrity and for harassment, but asserts no other claim premised on a deprivation of his right to education.

The Court has already established that complaint plausibly alleges the Board knew of the abuse and acted with deliberate indifference to it. Plaintiff states a claim under the North Carolina Constitution.

*d. State Law Tort Claims*

Defendant argues that plaintiff's state law tort claims are barred by governmental immunity. Plaintiff did not address this argument in his response, and in his argument that he has no adequate alternative remedy to his North Carolina constitutional claim, tangentially acknowledges the claims are barred. [DE 15]. "A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (quoting *Brown v. Nucor Corp.*, 785 F.3d 895, 923 (4th Cir. 2015) (cleaned up)). Plaintiff has abandoned his state law tort claims.

CONCLUSION

For the foregoing reasons, the motion to dismiss [DE 11] is GRANTED IN PART and DENIED IN PART. The state law tort claims are dismissed, and the other claims proceed.


SO ORDERED, this **5** day of February 2026.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE