IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-211-BO-KS

| | | |
|---|---|---|
| JOHN DOE 2, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NASH COUNTY BOARD OF | ) | |
| EDUCATION and MARQUIS JOHNSON, | ) | |
| individually and as an Employee of the Nash | ) | |
| County Board of Education, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the clerk on the motion for entry of default [DE-19] filed by plaintiff seeking entry of default as to defendant Marquis Johnson.

In the motion for entry of default, plaintiff relies on an affidavit of service [DE-14] previously filed in the case. Therein, counsel for plaintiff states that a copy of the complaint and summons were mailed via USPS to defendant Johnson with a delivery receipt requested and addressed to Johnson at 1110 Elizabeth Rd. W, Apt B1, Wilson, NC 27893-2871. Aff. of Service [DE-14] ¶ 3. Counsel further states that he received from the designated delivery service a proof of delivery reflecting delivery to Johnson on May 27, 2025, at his last known address, and attaches the electronic proof of delivery. Id. ¶¶4-5. That proof of delivery shows that a package departed USPS Rocky Mount NC Distribution Center on May 25, 2025, at 4:03 am, and was "Delivered, Left with Individual" in Wilson, NC on May 27, 2025, at 4:50 pm. See Aff. of Service [DE-14] at p. 4. But the proof of delivery does not end with the "Delivered, Left with Individual" notation. The following notations follow that May 27, 2025 notation:

- Addressee Unknown

PIKEVILLE, NC 27863
May 29, 2025, 12:37 pm

- Arrived at USPS Regional Facility
  GREENSBORO NC DISTRIBUTION CENTER
  June 13, 2025, at 12:04 pm

- Moving Through Network
  In Transit to Next Facility
  June 17, 2025

Id.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff correctly states that defendant Johnson has failed to file an answer or otherwise defend in this court. The question is whether plaintiff has shown that defendant was properly served. Without being properly served, a defendant has no obligation to file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."); Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A).

Proper service may be effected on an individual under Rule 4(e) by following state law for serving a summons in an action brought in court of general jurisdiction in the state where the district court is located or service is made. Fed. R. Civ. P. 4(e)(1). North Carolina law authorizes service of process "[b]y mailing a copy of the summons and of the complaint, registered or certified

2

mail, return receipt requested, addressed to the party to be served, and delivering to the addressee."

N.C. Stat. § 1A-1, Rule 4(j)(1)(c).[1] Where a plaintiff attempts to effect service via certified mail

and the defendant fails to appear in the action, the "plaintiff must prove service by filing an

affidavit that complies with North Carolina General Statute § 1-75.10(a)(4)." Shreve v. Jones, No.

5:19-CV-178-FL, 2020 WL 365562, at *2 (E.D.N.C. Jan. 22, 2020) (citing N.C. Gen. Stat. § 1-

75.11; Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004)). That statute requires the serving

party to aver in an affidavit:

> a. That a copy of the summons and complaint was deposited in the post office for
> mailing by registered or certified mail, return receipt requested;
> b. That it was in fact received as evidenced by the attached registry receipt or other
> evidence satisfactory to the court of delivery to the addressee; and
> c. That the genuine receipt or other evidence of delivery is attached.

N.C. Gen. Stat. Ann. § 1-75.10.

Where, as here, the proof of delivery shows that the certified mail was delivered to an

unidentified individual with no signature, at least one court has declined to find that plaintiff has

shown adequate proof of service. See Satterfield v. Vaughn, No. 1:22-CV-996, 2024 WL 939284,

at *1 (M.D.N.C. Mar. 5, 2024) (declining to adopt portion of report and recommendation that

found proper service had been effected where the electronic tracking information stated only

"delivered, left with individual"), appeal dismissed, No. 24-6298, 2024 WL 3633581 (4th Cir.

Aug. 2, 2024). See also N. Carolina Mut. Life Ins. Co. v. Stamford Brook Cap., LLC, No.

1:16CV1174, 2019 WL 4747851, at *4 (M.D.N.C. Sept. 27, 2019) ("[I]n order to properly

effectuate service by 'delivering to the addressee,' a plaintiff must demonstrate that the summons

and complaint were either (1) signed for by the addressee or her designated agent or (2) actually

---

[1] Counsel states in the affidavit that USPS is a designated delivery service authorized by 26 U.S.C. § 7502(f)(2), but included a certified mail receipt in the affidavit, so the clerk assumes plaintiff is proceeding under North Carolina Rule of Civil Procedure 4(j)(1)(c).

3

received by the addressee") (<u>citing</u> <u>Washington v. Cline</u>, 761 S.E.2d 650, 655–56 (N.C. App. 2014); <u>Hamilton v. Johnson</u>, 747 S.E.2d 158, 160–61 (N.C. App. 2013)).  In this case, there is no indication that the individual who received the mailing was the defendant—the addressee—or his agent.  Indeed, the subsequent information on the proof of delivery proffered by plaintiff states "Addressee Unknown." Accordingly, here the clerk cannot find that plaintiff has shown that defendant has been properly served.

Without proof of proper service, there is no obligation for defendant to respond to the complaint. Accordingly, the motion for entry of default is DENIED.

SO ORDERED.  This the  25   day of June, 2026.

Peter A. Moore, Jr.
Clerk of Court

4